UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 17 2012
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| THE PEOPLE OF THE REPUBLIC UNITED STATES Ex Rel. CHARLES KYLE GOLDSMITH Christian Appellation, <br><br> Plaintiff, <br><br> vs. <br><br> KAREN E. SCHREIER, in Her De Facto Capacity and KAREN E. SCHREIER, in her Private/Personal Capacity, <br><br> Defendant. | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | CIV. 12-4155 <br><br><br><br><br><br><br> MEMORANDUM OPINION AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Charles Kyle Goldsmith, ("Goldsmith") is an inmate at the Mike Durfee State Prison (MDSP) in Springfield South Dakota. He filed the above-captioned lawsuit on August 30, 2012. To date, Goldsmith has neither paid the $350 filing fee nor applied for *in forma pauperis* status. Goldsmith purports to bring his claims pursuant to the False Claims Act, 31 U.S.C. § 3729 et. seq. The Court has, as it must, "screened" Goldsmith's claims pursuant to 28 U.S.C. § 1915A. For the reasons explained below, this lawsuit will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and (2) because it is frivolous and because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

Goldsmith is currently serving state prison sentences for third degree rape convictions from both Butte and Meade Counties. *See Goldsmith v. Dooley,* CV 11-4174, United States District Court, District of South Dakota. Goldsmith was sentenced to fifteen years imprisonment each for the Butte and Meade County convictions. It is unclear from the record whether the Butte and Meade

county sentences are running consecutively or concurrently. In addition to the "Petition for Writ of Certiorari" which was the subject of CV 11-4174, Goldsmith also filed a § 1983 civil rights lawsuit in this District. That lawsuit (*Goldsmith v. Robert Dooley, Jennifer Stanwick, et. al.* CV 11-4181, United States District Court, District of South Dakota) was dismissed on screening by Judge Schreier on January 20, 2012. Subsequent to the dismissal of his §1983 civil rights lawsuit, Goldsmith made several unsuccessful motions in CV 11-4181 in an effort to persuade Judge Schreier to reconsider her decision. The case is currently on appeal to the Eighth Circuit.

Goldsmith brings this suit against Judge Schreier, purportedly pursuant to the False Claims Act, 31 U.S.C. §3729 et. seq. Goldsmith's Complaint is somewhat difficult to follow, but the gist of his allegations are : (1) he is dissatisfied with Judge Schreier's rulings in his civil rights lawsuit, CV 11-4181, United States District Court, District of South Dakota; (2) Judge Schreier is not an Article III Judge,[1] and the United States District Court for the District of South Dakota is not an Article III Court; and (3) he considers himself a "sovereign, as he has expatriated from the corporate United States back to an American Sovereign."

Goldsmith opines that because Judge Schreier is not really an Article III Judge, she has filed false documents into the public record. He requests as damages from Judge Schreier the payment "to a person [Goldsmith] chooses as his payee" two million dollars per year for each year he has been incarcerated (totaling sixteen million dollars, so far). Goldsmith further requests his Complaint be heard in a real Article III Court, by a real Article III Judge, so that he may pursue a legal remedy for his unlawful incarceration by the "sub corporation known as the State of South Dakota" (not to be mistaken as the Republic State of South Dakota). Finally Goldsmith demands Judge Schreier be removed from the bench and subjected to criminal prosecution.

---

[1] In the "Conclusion" section of the Complaint, Goldsmith asserts Judge Schreier is "acting as and impersonating a Article III Judge in a Article III Court" and that "she therefore has NO immunity from suit. To assume she does is a miscarriage of justice." *See* Complaint, Doc. 1, p. 6.

2

## DISCUSSION

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted). A plaintiff "does not need detailed factual allegations . . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965. *See also, Abdullah v. Minnesota*, 2008 WL 283693 (Feb. 4, 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F. 3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

The United States Supreme Court has also explained that the screening procedure of §1915[2]

---

[2]In its opinion, the Supreme Court referred to 28 U.S.C. § 1915(d). The in forma pauperis statute has since been revised and the former section (d) is now section(e). The screening provisions of §1915A provide the same ability to screen and dismiss an inmate suit against a governmental officer or entity even if the prison inmate is not proceeding in forma pauperis.

3

"accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the latter class . . .are claims describing fantastic or delusional scenarios, claims which federal district judges are all too familiar." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). The Court explained that the district courts may, in their discretion, dismiss on screening prisoner complaints as frivolous pursuant to § 1915(e) if the facts alleged are "clearly baseless . . . fanciful . . . .fantastic . . . .delusional . . . irrational. . . .or . . .wholly incredible.. . . An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Id.* 504 U.S. at 1733, 112 S.Ct. at 33. It is with these standards in mind that Goldsmith's Complaint is considered.

Goldsmith's Complaint will be dismissed because it is frivolous. It is frivolous for two reasons: He seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b)(2), and he asserts other legal claims which have been explicitly and repeatedly found to be patently frivolous by the Eight Circuit and other federal courts.

### A.   Judge Schreier is Absolutely Immune From Suit

Judges are generally immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).[3] "Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages." *Id.*, 502 U.S. at 11, 112 S.Ct.at 288. Few doctrines are more solidly established at common law than the absolute immunity of judges for their judicial acts. *Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 1213 (1967).

---

[3]*Mireles* acknowledged two circumstances in which judicial immunity does not apply: (1) actions taken by the judge that are not in his judicial capacity; and (2) actions taken that although are judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 12, 112 S.Ct. at 288. The Court expressly finds that neither exception applies in this case.

Importantly in this case, the doctrine of judicial immunity is not overcome by mere allegations of bad faith, malice, or corruption. *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288. It is important that judges who are accused of acting maliciously and corruptly nevertheless be entitled to judicial immunity, not for the benefit of the rare judge who has strayed from his or her judicial oath, but

> for the benefit of the public whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218 18 L.Ed.2d 288 (1967) (citations omitted). Goldsmith's dissatisfaction with Judge Schreier arises purely out of matters which occurred within the scope of the execution of her duties as a federal judge. Accordingly, none of the assertions in Goldsmith's Complaint overcome the broad-based and well-settled judicial immunity to which Judge Schreier is entitled. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Goldsmith's assertion that Judge Schreier is not entitled to judicial immunity because she is "impersonating an Article III Judge" is unfounded and preposterous. Such a wild accusation rises to the level of "clearly baseless . . . fanciful . . . .fantastic . . . .delusional . . . irrational. . . .or . . .wholly incredible.. . . " *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) and this Court will not dignify it with any further discussion. Because Judge Schreier is absolutely immune from suit, this case will be dismissed with prejudice pursuant to 28 U.S.C. §1915A(b)(2).

### B.   Goldsmith's Sovereign Person Theory is Frivolous

In Paragraph 2 of the "Relief Requested" section of his Complaint, Goldsmith suggests that his incarceration in the "sub corporation known as the State of South Dakota" is unlawful. Goldsmith likewise refers to himself alternatively as a "private, sovereign, non-corporate human being in propria persona" (Complaint, Doc. 1, p. 6) and "a sovereign, as he has expatriated from the corporate United States back to an American Sovereign" (Complaint, Doc.1, p. 4). The "sovereign

person" theory to which Goldsmith refers and upon which he relies to assert his incarceration by the State of South Dakota is unlawful has been universally, explicitly and repeatedly rejected. *See e.g. United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) ( referring to sovereign citizen argument and Republic State references as "completely without merit, patently frivolous and . . .rejected without expending any more of this Court's resources . . ."). *See also United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (same).

Other courts have noted the sovereign citizen theory has been consistently rejected and in addition to meritless and patently frivolous, the theory has been referred to as nonsensical, gibberish, and having no conceivable validity in American Law. *Quigley v. Geithner*, 2010 WL 3613901 at * 1 (D. Idaho) (nonsensical); *Heitman v. Stone Creek Funding Corp.*, 2007 WL 3333279 at *2 (D. Idaho) (nonsensical, gibberish, frivolous, patently frivolous, completely without merit); *Charlotte v. Hansen*, 433 Fed. Appx. 660, 661 (10th Cir. 2011) (no conceivable validity in American law). For this reason as well, Goldsmith's Complaint will be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as patently frivolous.

### C.   The Filing Fee

If Goldsmith's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Goldsmith's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Goldsmith remains responsible for payment of the entirety of the fee.

## CONCLUSION and ORDER

Now, therefore,

    IT IS ORDERED:

1. That the above-captioned matter is DISMISSED with prejudice, pursuant to 28 U.S.C. § 1915A(b) (1) & (2).
2. Plaintiff, Charles Kyle Goldsmith, remains responsible for payment of the entire $350 filing fee.

Dated this 17th day of September, 2012.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge